FILED IN CHAMBERS
U.S.D.C. Rome

MAR 25 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SERJIO VALDEZ GRIER, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 1:07-CV-3132-RLV |
| | : | |
| v. | : | |
| | : | |
| OFFICE OF THE PUBLIC | : | |
| DEFENDER; et al. | : | CIVIL RIGHTS ACTION |
|     Defendants. | : | 42 U.S.C. § 1983 |

### ORDER

Plaintiff, Serjio Valdez Grier, has submitted the instant pro se civil rights action. At the time he filed the instant action, Plaintiff was confined at the Fulton County Jail ("Jail") in Atlanta, Georgia. Plaintiff recently notified this Court that he was transferred to the Georgia Regional Hospital of Atlanta.[1] The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks

---

[1] A review of the Fulton County jail website, which is available at http://www.fultonsheriff.org/Jail/Index.asp (search Last Name "Grier"), reveals that Plaintiff is still in custody at the Jail.

AO 72A
(Rev.8/82)

monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

Plaintiff has filed the instant action against the following Defendants: (1) the Office of the Public Defender ("OPD"); (2) OPD Director Veron S. Pitts, Jr.; (3) OPD Attorney Jenny Keiser; (5) OPD Attorney Kenneth Klihasewski; (6) Fulton County

Sheriff Myron E. Freeman; and (7) Jail Law Librarian Ms. Stephens.[2] [See Docs. 1 and 5]. This Court's review of Plaintiff's complaint as amended and attached exhibits reveals the following facts:

(1) in March of 2006, Petitioner entered a guilty plea to one felony count of theft by taking and two misdemeanor charges;

(2) the Honorable Stephanie Manis of the Fulton County Superior Court sentenced Plaintiff to eight years probation on the felony charge and a one year suspended sentence on the two misdemeanors;

(3) a condition set forth in the probated sentence required that the matter would be returned to Judge Manis in the event that Plaintiff violated his probation;

(4) on November 22, 2006, Plaintiff was arrested on an escape charge as well as a probation warrant in connection with the prior convictions;

(5) on November 24, 2006, Ms. Keiser informed Plaintiff that she would be representing him in his criminal matter before the Fulton County Superior Court;

---

[2] Plaintiff apparently seeks to file a class action because he states on page one of the complaint that he brings the instant action "on behalf of all present inmates in the Fulton County Jail Atlanta, Georgia." Plaintiff, however, cannot seek to represent another pro se individual or a similarly-situated class of individuals through a class action. See 28 U.S.C. § 1654; Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1974). Accordingly, this Court will not allow the instant action to proceed as a class action.

(6) on December 19, 2006, Ms. Keiser informed Judge Manis at a probation revocation hearing that she thought it was necessary to conduct a psychological evaluation of Plaintiff before the hearing proceeded any further;

(7) on December 29, 2006, Petitioner appeared before Fulton County Magistrate Judge Walter Lovett with regard to the probation matter;

(8) despite the fact that Judge Manis had directed Plaintiff's probation matter to come before her, Judge Lovett revoked Plaintiff's probation and accepted Plaintiff's guilty plea on the escape charge;

(9) on December 29, 2006, Judge Lovett sentenced Petitioner to a total of five years, with one year to serve in prison and the balance to serve on probation;

(10) on January 16, 2007, Plaintiff appeared before Judge Manis in order to determine the status of his psychiatric evaluation;

(11) after learning that no such evaluation had been completed, Judge Manis directed Judge Lovett to vacate the plea agreement and set aside Plaintiff's sentence;

(12) Ms. Keiser presented no arguments before Judge Manis at the January 16, 2007, hearing;

(13) on January 25, 2007, Judge Lovett vacated Plaintiff's plea agreement and the sentence imposed upon him;

(14) Plaintiff filed a direct appeal of the January 25, 2007, decision in the Fulton County Superior Court;

4

(15) on May 14, 2007, Plaintiff learned that Mr. Klihasewski had replaced Ms. Keiser as his counsel;

(16) Ms. Keiser, Mr. Pitts, Krista Pitts, and Mr. Klihasewski did not assist Plaintiff in appealing the January 25, 2007, decision;

(17) Mr. Klihasewski did not comply with Plaintiff's request to obtain a court order from Judge Manis regarding Plaintiff's request to use the law library;

(18) Jail officials, including Ms. Stephens, have effectively denied Plaintiff access to the law library;

(19) Plaintiff's outgoing legal mail has been opened and read; and

(20) after a shakedown of Plaintiff's cell at the Jail, Plaintiff discovered that several legal documents and grievances were missing.

[Docs 1 and 5, Attached Exhibits]. While difficult to decipher, it appears that Plaintiff claims that he has been denied ineffective assistance of counsel with regard to the criminal proceeding before the Fulton County Superior Court and that he has been denied access to the courts. Plaintiff seeks injunctive and monetary relief as well as release from prison.

A.   **Ineffective Assistance of Counsel**

Plaintiff claims that Defendants Pitts, Keiser, and Klihasewski have rendered ineffective assistance in connection with their representation of Plaintiff during his criminal proceeding. Plaintiff's allegations, however, indicate that the Fulton County

AO 72A
(Rev.8/82)

criminal proceeding remains ongoing in light of Judge Lovett's decision on January 25, 2007, to vacate Plaintiff's plea and sentence.[3] This Court, therefore, is prohibited from inquiring into Plaintiff's ineffective-assistance-of-counsel claim by the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37, 43-44 (1971).

In Younger, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 244 (1926)). Extraordinary circumstances may justify intervention in circumstances where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46.

---

[3] In a letter attached to Plaintiff's Amended Complaint, Ms. Keiser states that Judge Manis will not entertain any motion to reinstate the December 29, 2006, sentence until Plaintiff undergoes a psychiatric evaluation. [Doc. 5, Attached Letter]. Plaintiff fails to indicate in his complaint that he has undergone a psychiatric evaluation or that his December 29, 2006, sentences have otherwise been reinstated.

6

In this case, Plaintiff states that he has filed a state habeas corpus petition. [Doc. 1, Complaint at 4]. Plaintiff fails to allege any specific facts to show that his ineffective-assistance-of-counsel claim cannot be adequately raised before the Fulton County court in the state habeas petition. Further, Plaintiff's allegations do not present the kind of special circumstances or irreparable harm that would justify federal court intervention into his ongoing state criminal proceeding at this time. The Younger abstention doctrine, therefore, bars any request which would affect the ongoing criminal prosecution.

Further, before seeking damages based upon his ineffective assistance claim, Plaintiff must first prove that the criminal charges against him, as well as any prosecution arising therefrom, have been favorably terminated. See Heck v. Humphrey, 512 U.S. 477, 486-87. A judgment in favor of Plaintiff in this action with respect to his ineffective-assistance-of-counsel claim would necessarily implicate the validity of any criminal charges pending against Plaintiff in connection with his probation and escape charges. Heck, 512 U.S. at 485-86; Whiting v. Traylor, 85 F.3d 581, 584-86 (11th Cir. 1996). Accordingly, Plaintiff is not entitled to damages for his claim because he cannot establish the invalidity of his pending criminal charges in Fulton County.

### B.  Access to courts

Plaintiff claims that Defendants have denied him access to the courts based on the following: (1) his attorneys have rendered inadequate assistance with regard to preparing and submitting an appeal from the January 25, 2007, decision; (2) Plaintiff's access to the Jail's law library has been greatly restricted; (3) certain Jail officials have opened and read Plaintiff's legal mail; and (4) Plaintiff's legal documents were confiscated during a shakedown of Plaintiff's cell. Even assuming that Plaintiff's access-to-courts claim has no effect on the ongoing criminal prosecution, Plaintiff has failed to state a claim for relief.

Plaintiff's access-to-courts claim arises from both the Due Process Clause and the First Amendment. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). To state such a claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996) (citing Bounds, 430 U.S. at 828).

The Supreme Court explained in Bounds that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates to assist inmates in the

8

preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate legal assistance from persons trained in the law." Bounds, 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." Lewis, 518 U.S. at 351; see also Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir. 1991) ("both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a nonfrivolous legal claim, an inmate has no standing to challenge the policy or practice in question. Lewis, 518 U.S. at 352-54; Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998).

Further, the right of access to the courts does not extend to any and all legal claims, only those relating to the fact or condition of a prisoner's confinement. Lewis, 518 U.S. at 355; see also Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (holding that prisoners must show "actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement"). Thus, to establish an access-to-courts claim, a plaintiff

must show that his efforts to proceed with a legal claim in a criminal appeal, post-conviction matter or civil rights action were hindered. Wilson, 163 F.3d at 1291.

In this case, Plaintiff's allegations do not relate to his efforts either to challenge a criminal sentence directly or collaterally or to bring a civil rights action. Rather, Plaintiff contends that he was denied access to the courts with respect to appealing a state court order vacating his December 29, 2006, plea agreement and sentence. Plaintiff's appeal, therefore, does not constitute a direct appeal from an actual criminal sentence because his underlying criminal proceeding remains ongoing before the Fulton County Superior Court following that court's decision to vacate his plea agreement and sentences. Furthermore, Plaintiff's complaint as amended reflects that he has been represented by appointed counsel at all relevant times during his criminal proceeding. Thus, even assuming that his access to the Jail's law library has been restricted, the constitutional requirement set by Bounds for meaningful access to the courts has been satisfied through attorney representation in his Fulton County criminal proceeding. Chandler, 926 F.2d at 1063 n.4 (citing Bounds, 430 U.S. at 828).

With regard to his contentions involving the opening of legal mail and the confiscation of legal materials from his cell, Plaintiff alleges no facts to suggest that any of the named Defendants participated in such conduct. Furthermore, Plaintiff

10

alleges no facts to suggest how these alleged actions actually prejudiced Plaintiff by hindering his ability either to directly or collaterally challenge a criminal sentence or to bring a civil rights action. Rather, Plaintiff's complaint and attached exhibits reflect that he was able to file a notice of appeal of the January 25, 2007, order and a state habeas petition with the Fulton County Superior Court. Finally, the presence of the instant action lends supports to the conclusion that Plaintiff is not being denied meaningful access to the courts. Accordingly, Plaintiff's access-to-courts claim is subject to dismissal.

## Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 25TH day of March, 2008.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
SENIOR UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)